

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-31,922-35 & 31,922-36

### EX PARTE JAMES GUZMAN, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 849859-K & 849860-L IN THE 182ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

#### O R D E R

Applicant was convicted of assault on a public servant and possession with intent to deliver or manufacture a controlled substance. He was sentenced to twenty years' imprisonment on the assault conviction and twenty-five years' imprisonment on the possession conviction. The Fourteenth Court of Appeals dismissed Applicant's direct appeals for want of jurisdiction in 2001 and then issued its mandate for the assault conviction in 2005. *Guzman v. State*, Nos. 14-01-00224-CR & 14-01-00226-CR (Tex. App.—Houston [14th], Mar. 15, 2001) (not designated for publication); *Guzman v. State*, No. 14-01-00778-CR (Tex. App.—Houston [14th], Mar. 3, 2005) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art.

11.07.

Applicant contends, among other things, that the Texas Department of Criminal Justice ("TDCJ") has erroneously calculated his maximum discharge date as March 14, 2031. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Canada*, 754 S.W.2d 660 (Tex. Crim. App. 1988). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the TDCJ's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. That response shall state and explain Applicant's maximum discharge date. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether, before filing this application, Applicant properly exhausted his administrative remedies as required by § 501.0081(b) of the Government Code. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed:  December 8, 2021
Do not publish